UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 07-50-ART

WILLIAM EUGENE THOMPSON, PETITIONER,

V.   **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

THOMAS L. SIMPSON, WARDEN, RESPONDENT.

## I. INTRODUCTION

Petitioner, William Eugene Thompson, was convicted of murder in 1974 in Pike Circuit Court, and sentenced to life imprisonment. [R. 1.] Currently incarcerated at the Kentucky State Penitentiary, located at Eddyville, Kentucky, he filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his conviction. [Id.] In support of his petition, Petitioner argues: (1) suppression of evidence by the prosecution, in violation of Brady v. Maryland, 373 U.S. 83 (1963); and (2) use of perjured testimony by the prosecution. [Id.] Consistent with local practice, this matter has been referred to the undersigned for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B).

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Respondent filed an answer, a memorandum in support, and an appendix containing portions of Petitioner's state court record. [R. 13.] Petitioner having filed a reply [R. 15], his habeas corpus petition [R. 1] is now ripe for review. In addition to his reply, Petitioner also filed two motions; one to compel the government to provide the trial record [R. 16], and another to compel the production

of the trial notes of the prosecutor, John Paul Runyon [R. 17]. By Order dated November 29, 2007 [R. 20], the undersigned granted Petitioner's motion to compel production of the trial record, but denied his motion to compel production of the prosecutor's trial notes. The extensive state court record was filed on January 22, 2008. [R. 27-30.]

On January 30, 2008, Petitioner sent a letter to the undersigned requesting that his habeas petition be dismissed. [R. 31, 32.] By Order of the Court, the letter was docketed as a motion with distribution to counsel of record. [R. 31, 32.] On February 13, 2008, Petitioner's attorneys requested a period of time during which they could discuss with their client the implications of his motion to dismiss. [R. 33.] This motion was granted [R. 34], and, on February 21, 2008, Petitioner's attorneys filed a response [R. 35]. In that response, Petitioner's attorneys informed the Court that they had met with the Petitioner, informed him of the consequences of his request, and listened to his reasons for wanting his petition dismissed. [Id.] From this meeting, counsel stated that they had "no reason to doubt the competency of Petitioner to make this decision." [Id.]

## V.  CONCLUSION

Accordingly, it is hereby recommended that Petitioner's Motion to Dismiss [R. 32] be granted and that this action be dismissed.

Specific objections to this Report and Recommendation must be filed within ten (10) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's

objections within ten (10) days after being served with a copy thereof.  28 U.S.C. § 636(b)(1)(C); Rule 72(b), Fed. R. Civ. P.

Signed March 25, 2008.

Signed By:
*Edward B. Atkins*  *EBA*
United States Magistrate Judge

3